JAMES TWIGG
vs.                    } LAND OFFICE, 16TH OF SEPTEMBER, 1847.
GABRIEL JACOBS.

[WARRANTS OF RESURVEY.]

THE right to a warrant of resurvey, only appertains to a party who has a fee simple interest in the original tract purpose to be resurveyed, and by parting with the title to such tract subsequent to the date of the warrant, the latter loses its effect as a warrant of resurvey.

A warrant of resurvey may operate as a common warrant, and affect any vacant land which a common warrant could affect.

The state will never knowingly grant the same land a second time.

[In this case, a warrant of resurvey upon a tract of land called *Fat Bacon* was issued on the 9th of September, 1776. To the certificate of the surveyor, returned on the 1st of November, 1797, a *caveat* was filed by James Twigg on the 5th of April, 1847, for the reasons appearing from the following opinion of the Chancellor.]

THE CHANCELLOR:

It appears, in this case, that Gabriel Jacobs, by whom the warrant of resurvey was taken out on the 9th of September, 1796, subsequently, that is, on the 27th of October, 1819, sold and conveyed the original tract, called "Fat Bacon," to one Lenox Martin, from whom, by sundry mesne conveyances the title in said original tract has devolved upon the caveator, James Twigg. This transfer of the title to the original tract, would, it is supposed, take from the warrant the character and effect of a warrant of resurvey, as the right to such a warrant only appertains to him who has a fee simple interest in the original tract proposed to be resurveyed, and I am of opinion, that by parting with the title in the original, subsequent to the date of the warrant, the latter loses its effect as a warrant of resurvey. But the general court decided, in *Hammond* vs. *Norris*, 2 *Har. & Johns.*, 141, that a warrant of resurvey may operate as a common warrant, and affect any vacant land

which a common warrant could affect, and the warrant in this case may, therefore, be regarded as possessing the qualities of a common warrant.   In this view, the holder of this warrant might be entitled to a patent for the land included in this survey, but that it appears by the plat returned under the order of the 19th of June last, that nearly all the land included in his survey has been previously granted, and as the state will never knowingly grant the same land a second time, the *caveat* filed in this case must be ruled good.

THOS. S. ALEXANDER, for the Caveator.